## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JAMES JEUDY,

    Plaintiff,

                                      CASE NO.:

v.

SHALA, LLC d/b/a LOADING
ZONE PHILLY STEAKS,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMES JEUDY, by and through undersigned counsel, brings this action against Defendant, SHALA, LLC d/b/a LOADING ZONE PHILLY STEAKS, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12101 *et seq.* This Court also has pendent jurisdiction over the state law claims.

3. Venue is proper in this District, because all of the events giving rise to these claims occurred in Orange County which is in this District.

## PARTIES

4. Plaintiff is a resident of Orange County, Florida.

5. Defendant operates a restaurant in Orlando, in Orange County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

7. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

## FACTS

11. Plaintiff began working for Defendant in or around January 2019 as a line cook, and he worked in this capacity until on or around June 18, 2023.

12. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one or more major life activities. Plaintiff had a record of such condition,

and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

13. Plaintiff continues to suffer from the aforementioned physical or mental condition.

14. At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

15. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

16. Specifically, on or around June 17, 2023, Plaintiff injured his ankle while on the way to work.

17. When Plaintiff arrived to work, he attempted to work for roughly two hours, when his foot became significantly swollen.

18. At this time, Defendant permitted Plaintiff to go home early, due to Plaintiff's pain and swelling.

19. The next day, Plaintiff requested the reasonable accommodation of a brief medical leave of absence of roughly two days.

20. However, Defendant did not permit this reasonable accommodation and failed to engage in an interactive process regarding an accommodation.

21. Instead, Defendant's owner, Alba, told Plaintiff that he needed a medical note to return to work. Plaintiff told Alba that he was unable to obtain a medical note, due to a lack of medical insurance and not being able to afford medical care.

22. However, Defendant refused to allow Plaintiff back to work unless he had a medical note, despite fully being aware that Plaintiff was unable to obtain a medical note.

23. On or about June 18, 2023, Defendant terminated Plaintiff's employment based on his disability and in retaliation for engaging in protected activity.

## COUNT I – ADA VIOLATION
## (DISABILITY DISCRIMINATION)

24. Plaintiff realleges and readopts the allegations of paragraphs 6 through 23 of this Complaint, as though fully set forth herein.

25. Plaintiff is a member of a protected class under the ADA.

26. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

27. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted him to perform all of the essential functions of his job with Defendant.

28. Defendant then terminated Plaintiff's employment based on his disability or perceived disability.

29. Defendant's actions were willful and done with malice.

30. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a)    A jury trial on all issues so triable;

    (b)    That process issue and that this Court take jurisdiction over the case;

    (c)    That this Court enter an injunction restraining continued violation of the ADA;

    (d)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    (e)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    (f)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    (g)    Any other compensatory damages, including emotional distress, allowable at law;

    (h)    Punitive damages;

    (i)    Prejudgment interest on all monetary recovery obtained.

    (j)    All costs and attorney's fees incurred in prosecuting these claims; and

    (k)    For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

27. Plaintiff realleges and readopts the allegations of Paragraphs 6 through 23 of this Complaint, as though fully set forth herein.

28. Plaintiff is disabled, or was perceived by Defendant as being disabled.

29. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## **COUNT III – ADA RETALIATION**

32. Plaintiff realleges and readopts the allegations of paragraphs 6 through 23 of this Complaint, as though fully set forth herein.

33. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

34. Plaintiff engaged in protected activity under the ADA by requesting a brief medical leave of absence of two days.

35. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

36. Defendant's actions were willful and done with malice.

37. The adverse employment action that Defendant took against Plaintiff was material.

38. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

(d) That this Court enter an injunction restraining continued violation of the ADA;

(e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

(h) Any other compensatory damages, including emotional distress, allowable at law;

(i) Punitive damages;

(j) Prejudgment interest on all monetary recovery obtained.

 (k) All costs and attorney's fees incurred in prosecuting these claims; and

 (l) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
## (DISABILITY DISCRIMINATION)

31. Plaintiff realleges and readopts the allegations of paragraphs 6 through 23 of this Complaint, as though fully set forth herein.

32. Plaintiff is a member of a protected class under the FCRA.

33. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

34. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted him to perform all of the essential functions of his job with Defendant.

35. Defendant then terminated Plaintiff's employment based on his disability or perceived disability.

36. Defendant's actions were willful and done with malice.

37. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

 (a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(e) Any other compensatory damages, including emotional distress, allowable at law;

(f) Punitive damages;

(g) Prejudgment interest on all monetary recovery obtained.

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT V—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

38. Plaintiff realleges and readopts the allegations of paragraphs 6 through 23 of this Complaint, as though fully set forth herein.

39. Plaintiff has a handicap or was perceived by Defendant as having a handicap.

40. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap and failed to engage in an interactive process regarding a reasonable accommodation, despite Plaintiff's request for a

reasonable accommodation, and shortly thereafter, terminated Plaintiff's employment.

41. Defendant's actions were willful and done with malice.

42. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(e) Any other compensatory damages, including emotional distress, allowable at law;

(f) Punitive damages;

(g) Prejudgment interest on all monetary recovery obtained.

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## **COUNT VI – FCRA RETALIATION**

43. Plaintiff realleges and readopts the allegations of paragraphs 6 through 23 of this Complaint, as though fully set forth herein.

44. Plaintiff is a member of a protected class under the FCRA.

45. Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation.

46. Plaintiff engaged in protected activity under the FCRA by objecting to Defendant's denial of Plaintiff's reasonable accommodation request.

47. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA, by terminating Plaintiff's employment.

48. Defendant's actions were willful and done with malice.

49. Defendant took material adverse action against Plaintiff.

50. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(e) Any other compensatory damages, including emotional distress, allowable at law;

(f) Punitive damages;

(g) Prejudgment interest on all monetary recovery obtained.

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 13th day of October, 2024.

Respectfully submitted,

*/s/ Brandon J. Hill*
_____
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**